■ In the Matter of the Claim of ELLA GARMISSIE, Respondent, v. PELHAM PAINTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The deceased employee was a foreman in charge of a painting job for his employer. Difficulty was experienced with

the painting in that the paint was becoming efflorescent and discolored and for a couple of months the decedent had been concerned about finding what caused this. Several witnesses indicated the decedent's normal concern over this matter but one witness went so far as to state that the decedent had changed from a happy-go-lucky fellow to one that was greatly worried, as a result thereof. The decedent's widow gave no testimony on this point. On October 4, 1957 an inspection of some of the apartments that had been painted was conducted by the decedent, his immediate superior, a representative of the paint company and the superintendent of construction of the general contractor. They inspected five buildings, in one of which they walked upstairs to the fourth floor and in another up to the second floor. In the other buildings they used elevators. While inspecting a wall in the fifth building the other men turned to see the decedent hanging on to a wall and then slump or fall to the floor, landing first on his elbow and his head then striking the floor. The testimony of the men who were there indicated that when they saw the decedent slumping against the wall his eyes were going around, one leg going around, he was "obviously sick and he was in the act of collapsing" and he looked unconscious before he fell. The decedent was taken to a hospital where a right carotid angiogram was performed which in the opinion of the attending physician, Dr. Matthew, showed a subdural hemorrhage. He then performed a craniotomy during which he discovered a laceration of the brain and on the following day, October 5, 1957, the decedent died. Dr. Matthew was of the opinion that the injuries which he found and which caused the decedent's death were caused by the trauma sustained in the fall. Two doctors testified for the appellants that the decedent's death was caused by a ruptured or perforated aneurysm in his brain which was in no way related to the fall on October 4, 1957. A specialist in radiology interpreted the angiograms as showing the presence of an aneurysm. The board made an award of death benefits finding that the "fall resulted from the physical activity in which decedent was engaged on October 4, 1957 coupled with the anxiety and worry that he experienced on that date due to conditions in his employment." There is no medical testimony in this record indicating that the fall experienced by the decedent was in any manner caused by his physical activity or by his anxiety and worry. The claimant's only medical witness was of the opinion that the fall resulted in the injuries which caused the decedent's death but he expressed no opinion as to what caused the fall. It is doubtful in any event that an award could be upheld on such medical evidence if it were present, for the physical activity was minimal and further, worry and anxiety resulting from one's work over a period of time are questionable grounds upon which to place a compensation award (*Matter of Lesnik* v. *National Carloading Corp.*, 285 App. Div. 649, affd. 309 N. Y. 958; *Matter of Klimas* v. *Trans Caribbean Airways*, 12 A D 2d 551). It is thus clear that the theory and the findings upon which the board has made the award here cannot be sustained. The Attorney-General seeks to support the award on the theory of an unwitnessed accident with the injuries and death resulting from the fall becoming compensable. Such a position might be tenable were it not for the presence of three men in the room at the time of the fall and their testimony to the effect that the decedent was undergoing some sort of a convulsion as he fell. Further, their testimony indicates that he did not strike his head against the wall or any other object, ruling out the possibility that the injuries were caused by an added risk of the employment. Decision and award reversed and claim dismissed, with costs to the appellants against the Workmen's Compensation Board.